The State Mutual Fire Insurance Company *v.* S. M.
Keefer et al., trading as Keefer, Kellar & Co., Appel-
lants.

*Mutual insurance policy—Assessments—Liability of insured.*

A member of a mutual insurance company is not exempt from liability
to assessment upon a premium note after a change in the ownership and
title of the property insured has taken place and notice has been given to
the company; the policy not having been submitted for cancelation the
premium note is not void although the insurance may have become so by
reason of such change of ownership.

*Appeal—Trial without a jury—Provisions of act of 1874—Practice, C. P.*

Under the Act of April 22, 1874, P. L. 109, the method providing for a
trial by the court without a jury requires that the decision of the court must
be in writing stating separately and distinctly the facts found, and the con-
clusions of law; and an agreement that the case shall be tried upon the
facts set forth in the statement, the affidavit of defense and the replication,
does not dispense with this plain requirement of the act.

An appeal lies regularly after exceptions filed to findings of fact have
been passed upon by the judge, and final judgment has been entered.

*Mutual insurance—Premium note—Assessment—Set-off of cash deposit.*

The insured is not entitled to set off the cash deposit in a suit brought by
a mutual insurance company to recover an unpaid assessment duly made
upon the premium note, the term of the policy not having expired or been
canceled at the time of bringing suit.

Argued April 20, 1898.   Appeal, No. 182, April T., 1898, by
defendants, from judgment of C. P. Westmoreland Co., Aug. T.,
1894, No. 1610, on verdict for plaintiff.   Before RICE, P. J.,
WICKHAM, BEAVER, REEDER, ORLADY, SMITH and POR-
TER, JJ.   Affirmed.

Assumpsit.   Before DOTY, P. J.

It appears from the record that suit was brought to recover
certain assessments alleged to be due on premium note subject
to assessment for $625.   The plaintiff insured the defendants
for the term of five years, the policy having been issued in con-
sideration of such note and a cash premium of $20.83 and a re-
fundable cash deposit of $104.17.   By agreement of counsel
the case was submitted to the court below for trial upon plead-
ings filed.

Other facts appear in the opinion of the court.

The court entered judgment in favor of plaintiff against defendants for $135.96 with interest from February 5, 1898. Defendants appealed.

*Error assigned* was as follows : The judgment entered in this case is erroneous.

*W. A. Griffith,* with him *Vin. E. Williams* and *A. M. Sloan,* for appellants.—In this case we take the following positi ·ns : That the stipulation relative to the policy becoming void on change in title or ownership other than by death, etc., was intended for benefit of assured as well as the insurer; that the instant the change occurred the policy was canceled; that the desire to so have it was clearly shown by the notice from assured to insurer; all moneys for which assured could be liable to the company became immediately due and payable; the company, having in its hands money belonging to defendants, was bound to apply it to the payment of any indebtedness due from defendants, even without a request so to do from defendants, but more especially when so requested by them; the company could not maintain suit upon the premium note until the funds of defendants in its hands were exhausted; under the pleadings the only assessment claimed is No. 3, for $62.50, with interest, etc.; the judgment should have been for the defendants for $41.67, with interest from January 1, 1893, and costs.

A policy of insurance in case of doubt should be construed against the company: Tool Co. v. Assurance Co., 132 Pa. 236.

The same rule applies where the policy is capable of two interpretations equally reasonable : Ins. Co. v. Mund, 102 Pa. 89.

Where the election to rescind a contract is reserved to either party by the terms thereof, rescission may be affected by him to whom the right belongs, upon the happening of the event upon which the rescission is conditioned : 21 Am. & Eng. Ency. of Law, 27.

The policy in this case was forfeited by the transfer without approval : Ferree v. Ins. Co., 67 Pa. 373.

No act or forfeiture by the company was necessary to accomplish this result, nor was the omission of such an act any evidence of the waiver of its rights: Ins. Co. v. Hebard, 95 Pa. 45.

A surrender of the policy was unnecessary because the law

will not require vain things, there having been complete rescission of the contract under the clause relative to change in title : Dick v. Ireland, 130 Pa. 299.

It follows also in this case that the right of set-off existed in favor of the defendants as to the cash deposit and it is the right of the defendants to have the judgment reversed and entered in favor of the defendants for $41.67 with interests and costs, under the defalcation act and pleadings in the case.

*John D. Gill* and *Samuel J. M. McCarrell*, for appellee.—It has been repeatedly held that a set-off is in substance a cross action and a cross demand must be complete when the action was instituted.    A cause of action incomplete at the impetration of the writ is not available as a set-off : Gunnis, Barrett & Co. v. Cluff, 111 Pa. 512.

The defendants admittedly have failed for more than sixty days before suit brought to make payment of the assessments in controversy, and they have expressly covenanted and agreed that their failure shall be deemed and held to be an absolute forfeiture of the cash deposit.    It is well settled that a debt barred by the statute of limitations cannot be allowed as a set-off : Gilmore v. Reed, 76 Pa. 462.

The assessments in question are sought to be recovered on the ground that they are proper, legal and necessary by reason of losses by fires incurred during the terms of the policy, due notice of the same having been given to the defendants, and while the dissolution of the firm did, according to the terms of the contract, render the policy void or voidable so far as protection to the assured was concerned, it did not and could not cancel it and end their liability for assessments.    The premium note which was a partnership note, was not invalidated by the dissolution of the firm giving it, and it remained good for the purposes for which it was given.

Assessment No. 4 was levied upon the same premium note as No. 3 for losses during the term and life of the policy prior to January 1, 1893 ; and the fact that it was levied eleven months after the dissolution of the partnership does not relieve from its payment.

OPINION BY RICE, P. J., January 18, 1899 :

This case does not come before us in a satisfactory shape.

The Act of April 22, 1874, P. L. 109, provides a simple mode for the trial of cases by the court without a jury, and the practice under it is well settled. The decision of the court must be in writing, stating separately and distinctly the facts found, and the conclusions of law. An agreement that the case shall be tried upon the facts set forth in the statement, the affidavit of defense and the replication does not dispense with this plain requirement of the statute, especially if any of the facts be in dispute. The importance of a strict compliance with its provisions in this regard has been emphatically declared in many cases, among which may be mentioned Ellis v. Lane, 85 Pa. 265, Foreman v. Hosler, 94 Pa. 418, Lewars v. Weaver, 121 Pa. 268, and Com. v. Ben. Ass'n, 137 Pa. 412. Again, the law provides that exceptions may be filed to the findings of fact, and, after these have been passed upon by the judge and final judgment has been entered, an appeal will lie. See Southern Md. R. Co. v. Moyer, 125 Pa. 506, and cases cited. If any exceptions were filed in this case, they have not been set forth in the printed record before us, and the single assignment of error is, "The judgment in this case is erroneous." We might properly refuse to review the case as it is presented; but passing without further comment the informalities in the proceedings to which we have called attention, we find no error in the conclusions of the court upon the two legal questions arising upon the undisputed facts culled from the pleadings. These questions may be stated in general terms as follows: First, is a member of a mutual insurance company exempt from liability to assessment upon his premium note after a change in the ownership and title of the property insured has taken place, and notice has been given to the company? Second, in such a case is the insured entitled to set off his cash deposit in a suit brought by the company to recover an unpaid assessment duly made upon his premium note, the term of the policy not having expired at the time of bringing suit? This statement of the questions for decision is somewhat narrower than that made by the appellant's counsel, but after a careful scrutiny and analysis of the pleadings we think it will be seen that they are the only legal questions arising upon the undisputed facts requiring discussion. As the case is presented we can assume the existence of no fact that is not distinctly averred in the

pleadings, or that is disputed.    For the present purposes facts not thus brought upon the record must be presumed not to exist.

It appears that on September 19, 1891, the plaintiff executed and delivered to the defendants a policy of insurance in consideration of a cash premium of $20.83, a refundable cash deposit of $104.17, and a premium note, subject to assessment, of $625, whereby the plaintiff insured the defendants for the term of five years against all direct loss or damage by fire upon the property mentioned in the policy.

The premium note was payable at such times and by such instalments as the directors of the company should assess and order, pursuant to the by-laws of the company.

This suit was brought in August, 1894, for the collection of two assessments; one of $62.50, of which notice was duly mailed to the defendants on December 5, 1892, and the other of $43.75, of which notice was mailed to the defendants on December 16, 1893.    Under the by-laws assessments are payable within thirty days from date of notice.    In case of failure to pay within that time the protection of the policy is suspended, "and a failure to pay such assessment within sixty days after notice shall be deemed and held to be an absolute forfeiture of the premium and cash deposit."

On January 1, 1893, the composition of the defendant firm was changed, S. M. Keefer retiring and transferring all his interest in the firm and its property to George Loughner, notice of which change of ownership and title was given the plaintiff, after February 2, 1893.    The policy contains this provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . . if any change, other than by the death of an insured, takes place in the interest, title, possession or location of the subject of insurance, whether by legal process or judgment, or by voluntary act of the insured or otherwise."

It is argued that this stipulation was intended for the benefit of the insured, as well as the insurer; that the instant the change of ownership occurred, the policy must be deemed in law to have been canceled; therefore the defendants are not liable for the assessment made thereafter.    But as the court below well says, even assuming that a change of ownership terminated the policy, it does not follow, necessarily, that it

extinguished liability on the premium note for losses that had theretofore accrued, and it nowhere appears that the assessment was not made for such losses. Moreover, the by-laws, which are part of the contract between the parties, expressly provide, that, " if any policy shall become void from any cause the directors shall have the right to retain and assess the premium note given therefor, and collect the amount assessed, the same as though the policy remained in full force and effect, until the amount claimed shall be paid up, and the policy be surrendered and canceled." We can see the purpose of such a provision; for, so long as the policy is outstanding, and the insured fails to indicate an unequivocal intention to surrender the protection it apparently gives, there is at least the risk of litigation in case of loss, and one purpose was, undoubtedly, to avoid such risk. It is unnecessary, however, to speculate as to the motives of the parties to a contract, when they have expressed their intention in clear and unequivocal language, and nothing can be plainer than, that, although the protection of a policy is suspended by reason of some act or omission of the insured, his liability to assessment remains until he has exercised his right to have the policy canceled in the mode therein prescribed. Upon this point we cannot do better than to quote from the able opinion of the court below: " This is the law of the case as the parties have themselves written it. Nothing further need be said on this point, for it is an express provision that the policy's becoming void did not render the premium note void until the amount assessed is paid and the policy surrendered and canceled. The cancelation and surrender of the policy is obviously a different thing from its becoming void." Having considered the effect of the mere change of ownership upon the defendants' liability to assessment we pass to the other averment relative to the cancelation of the policy. It is not pretended that an actual surrender of the policy was ever made or tendered. Was there a cancelation of it within the meaning of the contract? Upon this subject the by-laws provide as follows: " Any policy may be canceled at the request of the member upon ten days' notice in writing to the secretary of the company, in which case there shall be charged . . . . on note policies a proper proportion of all losses and accrued expenses if any." In the fourth paragraph of their affidavit

of defense the defendants aver, that they notified the plaintiff of the change of ownership, and it is virtually admitted that this notice was received before the second assessment was made. In the fifth paragraph of their affidavit they aver, that " due notice of the request to cancel as aforesaid was given to said secretary and the amount of such losses and expenses directed to be deducted from the refundable cash deposit." It needs no further argument to show, that notice merely of a change in the ownership of the property insured, especially if it be not accompanied by a surrender of the policy, is not equivalent to the written request to have the policy canceled called for in the by-laws. This being so, it was incumbent on the defendants to allege and prove the time when this latter notice was given. This they failed to do. Possibly it was an inadvertence but we must take the record as we find it, and while we may overlook informalities in the mode of trial we cannot convict the court of error upon the assumption of the existence of a fact not distinctly brought on the record in some legitimate way. The defendants' counsel assume in their argument, that both of the notices referred to were given at the same time, and possibly this was the fact, but a careful scrutiny of the affidavit of defense shows that it is not distinctly averred. Granting that notice of the defendants' desire to have the policy canceled was given, and (for the sake of the argument), that an actual manual surrender of the policy for cancelation was not necessary in order to make this notice effectual, the objection remains, that it nowhere appears that it was given at a time which would make it available to exempt the defendants from liability for the assessments in question.

The provision of the policy bearing upon the second question is as follows : " The cash deposits shall go into a fund called the ' indemnity fund ; ' and on the expiration or cancelation of the policy—all dues being paid without expense of collection— the deposits shall be refunded, and the notes surrendered up to the respective members." The contention of the defendants is, that the company was bound to apply the cash deposit to the payment of any indebtedness due from them. On the other hand, the plaintiff contends, that it had become absolutely forfeited by their failure to pay the first assessment within sixty days. We find it unnecessary to discuss, or to express any opinion

upon this latter proposition. The right to have the cash deposit refunded is to be determined as of the date of bringing suit, and at that time the term of the policy had not expired; nor, as we have seen, does it clearly appear from the record that it had been canceled. Moreover this essential fact is denied in the plaintiff's replication. To adopt the language of the court below: " It nowhere appears from the agreed facts that the policy has either expired or been canceled. It therefore does not appear that the event has transpired which warrants the setting off of the indemnity fund against the assessment."

The assignment of error is overruled and the judgment affirmed.