## Meitner et al., Appellants, *v.* Scarborough.

Argued January 10, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN and BARNES, JJ.

*James J. Regan, Jr.,* for appellants.

*Charles E. Kenworthey,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

The jury having disagreed in the second trial of this case, counsel thereupon submitted the record as it then stood for the decision of the trial judge under the provisions of the Act of April 22, 1874, P. L. 109. On May 24, 1935, the court filed findings of fact and conclusions of law in favor of defendant and notice was given to the parties as is required by section 2 of the act. It pro-

vides that ". . . if no exceptions thereto are filed in the proper office within thirty days after service of such notice, judgment shall be entered thereon by the prothonotary or clerk." While appellants' trial counsel was reviewing the record to determine whether there were legally sufficient grounds for exceptions, the parent appellant wrote to the trial judge on May 27, 1935, saying that "a terrible mistake has been made" and "you may consider that a new trial is an honorable request." The judge responded that on the record there were no reasons for a new trial and, if the case were to come before him a second time, he would be obliged to reach the same conclusion.

On June 10th appellants' counsel came to the conclusion that there was no basis for exceptions to the judge's findings and conclusions of law, and so informed appellants. At the same time he advised them that the last day for filing exceptions was June 23, 1935. On June 24th the parent appellant wrote a second letter to the judge objecting to the finding of contributory negligence. To this no answer was made. Appellants then employed other counsel to prosecute this appeal.

The Act of 1874 relative to trials by a judge without a jury is mandatory and must be complied with strictly. This has been emphasized in many cases: *Ellis v. Lane,* 85 Pa. 265; *Foreman v. Hosler,* 94 Pa. 418; *Leware v. Weaver,* 121 Pa. 268; *Com. v. Equitable Ben. Assn.,* 137 Pa. 412; *Fleer v. Reagan,* 24 Pa. Superior Ct. 170. It is not from the findings of fact and conclusions of law originally filed by the judge that an appeal must be taken under the act. The preliminary finding of the judge is neither a verdict nor a judgment. It cannot be reviewed on appeal. The act provides that exceptions shall be taken to the findings and conclusions and it is from the court's decision upon these exceptions that an appeal must rest: *McDermott v. Blank,* 230 Pa. 392.

Exceptions, if filed beyond the stipulated period of thirty days, cannot be considered even where the court

below consents to the filing: *Harris v. Mercur (No. 1),* 202 Pa. 313. Assignments of error in such proceedings must be based on the exceptions and cannot be considered unless supported by a proper exception. The matters here assigned as error were not brought before nor passed on by the trial judge, no exception having been taken within the time limit set by the act. The appeal should be dismissed on this ground. Ingenious counsel, however, has labelled appellant's letter of May 27th as a motion for a new trial, and the court's answer to that letter as the overruling of the motion. This has been assigned as error.

We can dispose of this alleged assignment briefly. Under the Act of 1874 permitting a trial by a court, without a jury, an appeal brings up for review only errors of law. The court acts in a dual capacity of judge and jury, and the case must be disposed of on appeal precisely as if the facts had been found by a jury. If there is evidence to support the findings, this court will not overrule them or substitute its judgment for that of the trial court: *Brown, Earley & Co. v. Susquehanna Boom Co.,* 109 Pa. 57. The court below found as a fact that although the minor appellant made an observation at the intersection and noted the approach of appellee's automobile, he failed to continue to look and made no further observation until the moment before the collision. The court concluded that under these facts he was guilty of contributory negligence. That conclusion is amply supported by our cases: *Schneider v. American Stores Co.,* 100 Pa. Superior Ct. 339, 341, 342; *Byrne v. Schultz,* 306 Pa. 427, 432; *Susa v. Consolidated Ice Co.,* 311 Pa. 151, 152; *Alperdt v. Paige,* 292 Pa. 1, 5; *Campagna v. Lyles,* 298 Pa. 352, 355.

It is true, as appellants contend, that the conclusion by the court below that the minor appellant did not continue to look was an inference, but it was an inference which was reasonable. As the court below was the fact-finding body, inferences to be drawn from the evidence

216 

and questions concerning the weight of the evidence were properly for its determination: *Eichman v. Hersker,* 170 Pa. 402, 410; *Com. v. Phila. & R. Coal & Iron Co.,* 145 Pa. 74, 82.

As we view this record, neither the court below nor we could have stated as a matter of law that in this case contributory negligence did not exist. Had the case been tried with a jury it would have been an issue for the jury and we, on appeal, are bound by the conclusion of the judge who acted in this capacity: *Griffith v. Sitgreaves,* 90 Pa. 161. See also *Wallace v. Moyer,* 317 Pa. 287.

Judgment affirmed.