### In re L. H. DUNCAN & SONS.

### No. 20365.

District Court, W. D. Pennsylvania.

Aug. 14, 1941.

Stonecipher & Ralston, of Pittsburgh, Pa., for trustee.

J. M. McCandless, of Pittsburgh, Pa., for petitioner Maryland Casualty Co.

SCHOONMAKER, District Judge.

This case comes before the court on petition of the Maryland Casualty Company, surety on the bond of bankrupt, who contracted with the Commonwealth of Pennsylvania to build a section of highway in Jefferson County, Pennsylvania, and who completed its contract with the Commonwealth before bankruptcy, to review a distribution order of the Referee.

At the time of bankruptcy, there were funds due the bankrupt on this contract from the Commonwealth of Pennsylvania, which were claimed both by the trustee in bankruptcy and the Maryland Casualty Company. On stipulation of these two claimants, these funds were paid to the trustee, without prejudice, with the understanding that the ownership of these funds were to be determined by this court.

On August 15, 1940, the Maryland Casualty Company was awarded $2,159.08, representing the amount of various wage claims arising in this highway contract, which had been assigned to that Company, and were awarded priority in payment under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. There were also claims for materials furnished to bankrupt in connection with said highway contract, which were also assigned to the Surety Company. These were allowed as common claims against the bankrupt estate.

However, the Surety Company claimed the entire funds collected by the trustee from the Commonwealth of Pennsylvania, on two grounds:

(1) By subrogation to the rights of the Commonwealth of Pennsylvania under the contract between the Commonwealth of Pennsylvania and the bankrupt

(2) By reason of an equitable assignment entered into between the bankrupt and the Surety Company at the time of the execution of the bonds.

The referee, in an opinion filed October 3, 1940, disallowed this claim and directed the Trustee to distribute the fund in accordance with the provisions of his dis-

tribution order bearing date August 15, 1940, wherein the Surety Company was awarded, as assignee of the various wage claimants, the amount claimed by them as priority for wages. The balance of the Surety Company's claim, representing the amounts claimed by material men, which had been assigned to the Surety Company, was merely allowed as a common claim.

We have carefully reviewed the opinion of the referee, and have come to the conclusion that he has correctly ruled this case. He has so well stated the rule to be applied that we have nothing further to add, except to say that his ruling is further supported by DuBois, Trustee, v. United States Fidelity & Guaranty Co., 341 Pa. 85, 18 A.2d 802. This was a suit between a trustee in bankruptcy of a road contractor and a surety company that was surety on the bond of the contractor to recover money collected by the surety company on the road contract.

Mr. Justice Drew, delivering the opinion of the court, says, on page 89 of 341 Pa., on page 804 of 18 A.2d:

"Defendant has advanced several theories in support of its claim to keep this money. It contends that Feraco defaulted upon his contract, and that defendant having paid claims for labor and materials in accordance with its obligation upon the additional bonds, has a right by subrogation to the deferred payments superior to those of the trustee in bankruptcy. It alleges that Feraco was in default when he failed to pay for labor and materials, ceased work upon the contract, and declared himself financially unable to continue. The answer to this argument is that Feraco was never in default. It is conceded that the declaration of default was entirely within the discretion of the Secretary of Highways, and that it was never made. The contract was never turned over to defendant for completion, which would have been done in the event of a default by the contractor. In fact, defendant declined to finance further construction. Feraco completed the work by means of his agreement with the Snead Company, and it was accepted. The delay resulting from his financial troubles was waived. His failure to pay for materials and labor was not a breach of his construction contract. In short, the Commonwealth and the City retained no rights against Feraco to which defendant could have been subrogated. The trial judge has found as a fact that the construction contract was not in default, and his finding, supported by the evidence and affirmed by the court en banc, is binding upon us. Meitner v. Scarborough, 321 Pa. 212, 184 A. 81.

"It is true that payment for labor and materials by defendant gave rise to a right of indemnity against Feraco, which was the basis of the judgment which defendant caused to be entered. But the sole question here is whether defendant's right to the funds involved is superior to that of plaintiff, a trustee representing all of Feraco's creditors. Undoubtedly defendant is a creditor of the bankrupt, but is it entitled to a preference in these funds.

"The contract between Feraco and the Commonwealth and the City conferred no rights upon the material men to obtain payment of their bills, nor to file liens upon the property. Their claims were against the contractor upon their individual contracts with him, and against his surety upon the bond. The construction contract contained no provision entitling the Commonwealth or the City to withhold funds owing to Feraco for the payment of such claims. Therefore, defendant, by paying the claims of the material men, was not subrogated to any right of the Commonwealth or the City, nor of Feraco upon the contract, but to the rights of the material men against Feraco. * * *"

And again on page 92 of 341 Pa., on page 805 of 18 A.2d, Mr. Justice Drew says:

"The finding of the court below that there was no default disposes of defendant's attempt to assert an equitable lien upon these funds through a conditional assignment contained in Feraco's agreement of indemnity and application for the bonds. It is there provided that defendant shall be subrogated, as of that date, to Feraco's right in all such payments, 'should the said Principal fail, or be unable to complete the said work in accordance with the terms of the contract covered by said bond, or in the event of any default on the part of the said Principal under the terms of said contract.' * * * Obviously, the right of subrogation could have arisen only upon Feraco's breach or default upon the construction contract with the Commonwealth and the City. This did not occur. This case is therefore distinguishable from American Surety Co. v. Finletter, 3 Cir., 274 F. 152; and Street v. Pacific Indemnity

Co., 9 Cir., 79 F.2d 68, where defaults were acknowledged by the contractors and the work was completed by the sureties."

We will therefore confirm and approve the order of the referee.

An order may be submitted accordingly.