## Lehigh Valley Railroad v. Krapf's Truck Service

*Richard F. Stevens,* for plaintiff.
*Gerald Roth,* for defendant.

SCHEIRER, J., November 16, 1971.—In this replevin action, a trial without jury was conducted on May 28 and June 2, 1971. On August 10, 1971, a decision in favor of plaintiff was rendered. No exceptions were filed within 20 days, but on August 18, 1971, defendant filed a motion for a new trial providing for reasons in support thereof to be filed within 10 days after the filing of the notes of testimony. On August 31, 1971, plaintiff filed preliminary objections in the nature of a motion to strike defendant's motion for a new trial and raising a question of jurisdiction in that the court has no authority to grant a motion for a new trial in this case. Also, on August 31, 1971, plaintiff filed a praecipe for judgment on the decision in the amount of $2,518.52. See Pennsylvania Rule of Civil Procedure 1039.

On September 23, 1971, on motion of defendant, a rule was granted on plaintiff to show cause why the judgment taken on August 31, 1971, should not be stricken. The reason assigned was that the motion for a new trial was tantamount to taking exceptions; therefore, the praecipe for judgment was improper. Plaintiff filed an answer citing the provisions of Pa. R.C.P. 1038 (d) as authority for its action in taking judgment, i.e., failure to file timely exceptions. Argument before the court en banc on plaintiff's preliminary objections was had on November 9, 1971. On November 10, 1971, de-

fendant presented a petition seeking a rule on plaintiff to show cause why defendant should not file exceptions to the decision nunc pro tunc. In view of the argument the previous day, the petition was received and taken under advisement. The requested order was not signed. We deem it wise to dispose of the matters before us expeditiously to avoid the possibility of additional documents being filed which may further muddy the legal waters.

The trial of actions in replevin by a judge sitting without a jury shall be in accordance with assumpsit Rule 1038: Pa. R.C.P. 1087. Rule 1038(d) provides:

"Within twenty (20) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed."

This rule implements and in some respects modifies the provisions of the Act of April 22, 1874, P. L. 109, as amended, 12 PS §689. Thus, cases interpreting the appeal provisions of this act are helpful in resolving the issue at hand.

In Singer v. Redevelopment Authority of the City of Oil City, 437 Pa. 55, 261 A. 2d 594, 601, it was said at pages 68 and 69:

"This case was tried by the lower court without a jury. Therefore, Section 2 of the Act of April 22, 1874, P. L. 109, as amended by the Act of July 10, 1935, P. L. 640, §1, 12 P.S. §689, applies to its procedure and to any appeal arising therefrom.

"We held in Meitner v. Scarborough, 321 Pa. 212, 184 A. 81 (1936), that the Act of 1874, as amended, supra, is mandatory and must be complied with strictly.

"Under the provisions of that Act, supra, the decision of the court in favor of one of the parties must be in writing, but it is not necessary for a court trying a case without a jury to state separately the findings of fact and conclusions of law unless counsel for either party make a request therefor.

"The preliminary decision of the judge is neither a verdict nor a judgment, and cannot be reviewed on appeal. Exceptions must be taken to the findings and conclusions, and it is from the court's decision upon such exceptions that an appeal lies. Meitner v. Scarborough, supra."

The cases are uniform in holding that exceptions to the court's decision, not a motion for a new trial, must be filed within the requisite time. In Crown Sales Co. v. Western Pennsylvania National Bank, 41 Wash. 213 (1961), exceptions were filed 45 days after the decision was filed, while the act set a limitation of 30 days. (Pennsylvania Rule of Civil Procedure 1038(d) provides a 20-day limitation). The court wrote:

"The Court is of the opinion that the motion of the plaintiff to strike off the defendants' exceptions to the Conclusions of Law and Verdict must be granted. Section 2 of the Act of 1874, governing the procedure for trial by Court without a jury, clearly provides that exceptions to the Findings of Fact and Conclusions of Law must be taken within thirty days. The section in question has been construed by our Appellate Courts as requiring strict compliance therewith. In the case of Meitner vs. Scarborough, 321 Pa. 212, in which the identical question was involved, the Court held that the requirements of this Act of 1874, relative to trials by a judge without a jury, is mandatory and must be

complied with strictly, and that exceptions to the Findings of Fact and Conclusions of Law of the trial judge must be filed within the specified period of thirty days after service of the notice of the filing of the Findings and Conclusions.

"Nor can this Court grant leave to extend the period permitting exceptions to be filed after the said thirty day period. The Supreme Court in the case of Harris vs. Mercur, 202 Pa. 313, held that an order of the lower court permitting such exceptions to be filed after the thirty day period was without authority and without effect or validity. In that case the Court used the following language:

" 'If we are correct in holding that the Act of 1874 required the appellant to file his exceptions within thirty days after he had received notice of the filing of the court's decision, *the order of the court below in permitting exceptions to be filed thereafter was without authority and hence without effect or validity. The commands of a statute cannot be waived or dispensed with by a court.* (Emphasis supplied.) They require implicit obedience as well from the court as from its suitors: Bleeker v. Wiseburn, 5 Wend. 136. "It has been repeatedly held", says Mr. Sedgwick (Construction of Statutory and Constitutional Law, 277, "that courts have no dispensing power, even in matters of practice, when the legislature has spoken." Thus, where a statute declares that a judge at chambers may direct a new trial if application is made within ten days after judgment, it has been said that "he can no more enlarge the time than he can legislate in any other manner." When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice.'

"To the same effect is the case of Paul v. Grim, 163 Pa. 326, with reference to this same Act of 1874.

In speaking of the general rule where a statute fixes a period within which the objections must be filed, again the Supreme Court, in Meitner vs. Scarborough, supra, held as follows: 'Exceptions, if filed beyond the stipulated period of thirty days, cannot be considered even where the court below consents to the filing.' Schwab's Adoption, 355 Pa. 534 (1947) is also in point. Here, in construing an adoption statute, the Court said: 'Where a remedy or method of procedure is provided by an act, its provisions must be strictly pursued and exclusively applied.' "

The courts have reluctantly treated reasons filed in support of a motion for a new trial as exceptions. See Miller v. Werner, 61 Montg. 73. In Baker v. Roslyn Swim Club, 206 Pa. Superior Ct. 192, 213 A. 2d 145, plaintiff, following decision in a trial without jury, filed a motion for a new trial and a motion for judgment n.o.v. President Judge Ervin commented at page 193:

"The court below pointed out that the Act of 1874 does not provide for such motions, but rather provides for exceptions to the findings of fact and conclusions of law. However, the court below, following the procedure in Miller v. Werner, 61 Montg. 73, treated the reasons assigned in the motion for new trial as being exceptions to findings of fact, and the motion for judgment n.o.v. as an exception to the conclusion of law. Since the court below handled the matter in that fashion without objection by either party, we shall do likewise, but our action in so doing must not be regarded as a precedent in future cases. The Act of 1874 is explicit in setting forth the procedure and it should be followed."

These cases are of no help to defendant because the motion for a new trial cited no reasons.

Defendant argues that preliminary objections are not available to plaintiff to attack an improper motion

for a new trial. Local Rule 580(d) provides: "All legal objections to a motion or petition must be raised in the form of preliminary objections as prescribed in Pa. R.C.P. 1028." It is at least of interest that in Crown Sales Co., supra, the court allowed a motion to strike exceptions not timely filed. Neither plaintiff nor defendant have provided us with any cases on point, but if a literal interpretation of Pa. R.C.P. 1017 does not permit preliminary objections to be filed to strike an improper motion for a new trial, then we may suggest that the motion was a nullity as being in direct contravention of Pa. R.C.P. 1038(d). It might be argued, and no one has, that disposition of the improper motion should await argument on the motion itself. But the result is obvious; the motion would have to be denied. Thus, striking the motion, as the late exceptions were in Crown Sales Co., supra, seems to us a proper and expedient disposition.

Defendant's counsel seems to argue that he should be excused from filing timely exceptions because "it is exceedingly difficult to intelligently file exceptions since the notes of testimony have not been transcribed." Nowhere is there authority to postpone the filing of exceptions until the notes of testimony are transcribed. If error of fact or mistake of law is not apparent from the face of the decision, it may well be there is no error or mistake. It is not unheard of that some aggrieved parties file exceptions to all of the findings or conclusions of the trial judge as a precaution to protect the record.

Counsel also contends that the prothonotary failed as required in Pa. R.C.P. 1038(e) to notify ". . . all parties or their attorney of the entry of the final judgment or of any other order of the court." Therefore, it is concluded that the judgment was improperly entered. It is highly questionable whether this argument is relevant in disposing of plaintiff's preliminary objections

to an improper motion for a new trial. Counsel declares this reason will be included in a motion to be made for leave to file exceptions. In the motion left with the court the day following argument, this matter is not referred to. Counsel rather relies on a personal reason why he neglected to file timely exceptions. It is pertinent to observe that he did file a motion for a new trial (late for such a motion) but within 20 days of the decision. We do not know whether the prothonotary gave notice to counsel of the taking of judgment, but since defendant filed a motion on September 23, 1971, for a rule to show cause why the judgment should not be stricken, it is apparent he knew that it was entered. No prejudice to defendant is apparent. It is of interest that in the motion for a rule to strike, no reference is made to lack of notice.

It is clear that the aim of all proceedings filed by defendant is to seek a relaxing of the requirements of Pa. R.C.P. 1038 and of the Act of 1874. We are convinced that the failure to file timely exceptions is fatal. Accordingly, we shall sustain plaintiff's motion to strike defendant's motion for a new trial; we shall discharge the rule on plaintiff to show cause why the judgment should not be stricken and we shall deny defendant's petition seeking a rule on plaintiff to show cause why exceptions should not be filed nunc pro tunc.

## ORDER

Now, November 16, 1971, it is ordered and decreed that:

1. Plaintiff's motion to strike defendant's motion for a new trial is sustained.

2. The rule on plaintiff to show cause why a judgment entered by plaintiff against defendant should not be stricken is discharged.

3. Defendant's petition seeking a rule on plaintiff to show cause why exceptions to the court's decision should not be filed nunc pro tunc is denied.