## McDermott v. Blank, Appellant.

*Appeals—Supreme Court—Exceptions—Act of April 22, 1874, P. L. 109—Trial by court without jury.*

An appeal from the judgment of the court in an issue framed and submitted to the court without a jury under the Act of April 22, 1874, P. L. 109, must be quashed where the record discloses no exception taken to the order of the court overruling the appellants' exceptions to the decision and directing judgment to be entered for the appellees, and no exception or bill sealed in the court below to any action of the court throughout the proceedings resulting in the judgment against the appellants.

Quashed without argument. Appeal, No. 130, Oct. T., 1910, by defendants, from judgment of C. P. Westmore-

land Co., May T., 1908, No. 694, in case of James Mc-
Dermott, W. F. Holtzer and C. H. Roose, supervisors of
Hempfield township, v. J. J. Blank, J. S. Peters and
Hempfield township. Before FELL, C. J., BROWN, MES-
TREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.
Appeal quashed.

Taxpayers' appeal from auditors' settlement of town-
ship supervisors' accounts. Before VAN SWEARINGEN, J.

The opinion of the Supreme Court states the case.

The appeal to the Supreme Court was quashed on
motion.

*William S. Rial, James S. Moorhead* and *Robt. W.
Smith,* for appellees, submitted the following reasons on
the motion to quash.—The appellants ,not having ex-
cepted to the order of the court below overruling their ex-
ceptions to the findings of fact and law acquiesced in such
order and are not entitled to be heard on appeal: Southern
R. R. Co. v. Moyer, 125 Pa. 506; Harris v. Mercur, 202
Pa. 313; Wingert v. Teitrick, 31 Pa. Superior Ct. 187.

This case being an appeal from the auditors' settlement
of the township supervisors' accounts, and as the case was
not pending and undetermined when the Act of May 11,
1901, P. L. 185, was approved, no appeal lies from the de-
cision .of the court of common pleas, and this court is
without jurisdiction.

*S. A. Kline, W. T. Kline* and *S. W. Bierer,* for appellants.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1911:

In the court below this was an appeal by certain tax-
payers, the defendants, from the report of the auditors of
Hempfield township, Westmoreland county, settling the
account of the supervisors, the plaintiffs. An issue hav-
ing been framed the parties dispensed with a trial by jury
and submitted the case to the decision of the court under
the provisions of the Act of April 22, 1874, P. L. 109, 3
Purd. 3658. From the judgment entered by the common
pleas the defendants have appealed to this court.

The act of 1874 requires the court to make its decision in writing, and to state separately and distinctly the facts found and the conclusions of law. If no exceptions are filed to the court's findings, it is the duty of the prothonotary to enter judgment in accordance with the decision. If, however, exceptions are filed to the findings of facts or conclusions of law, the court or the judge who tried the cause may "order judgment to be entered according to the decision previously filed, or make such modifications thereof as in justice and right shall seem proper, subject always, nevertheless, to review by writ of error or appeal in the Supreme Court; such writ of error or appeal to be taken in the time and manner and with the effect prescribed by law." By the second section of the act, writs of error and appeals are to be heard and determined as in other cases brought to this court for review.

The purpose of the act was to authorize the parties to a suit to waive their right to trial by jury and to have the facts as well as the law determined by the court. The jury is eliminated from the proceeding and the court takes its place and performs its functions. The court or judge acts in the dual capacity of court and jury. The case is tried as if a jury were sitting to hear and pass on the evidence and find the facts. The evidence is offered and the aggrieved party may have the court note an exception to its ruling in receiving or rejecting it. Requests for findings of fact or conclusions of law may be made and the court's rulings thereon are the subject of exception. The court within sixty days of the hearing must file its decision, and the proper practice is then to direct judgment to be entered in conformity with the decision unless exceptions be filed within the statutory period. Both parties are thus given an opportunity to file exceptions to the preliminary decision and findings by the court or judge who is required to consider and pass on them and "order judgment to be entered" in the cause. This is the judgment which may be reviewed by a writ of error or appeal to the proper appellate court. The preliminary

decision is neither a verdict nor a judgment nor can it be reviewed on appeal. It does not become a judgment until further action by the prothonotary or the court in the manner pointed out in the statute. It is then reviewable, as provided in the act, on a "writ of error or appeal to be taken in the time and manner and with the effect prescribed by law." The appellate proceeding is now a statutory appeal, but the proceeding itself is unchanged and is in effect a writ of error or appeal as the appropriate remedy may require.

Article V, sec. 27, of the constitution and the act of April 22, 1874, regulating the trial of cases thereunder provide that the judgment entered by the common pleas shall be subject to a writ of error or of appeal as in other cases at law or in equity. It is familiar practice that a writ of error will be quashed if taken to review a judgment in cases when the alleged erroneous matter has not been brought on the record by a bill of exceptions. If the writ is brought to review a judgment entered on a verdict, an assignment of error will not be considered which is not supported by a proper bill of exceptions. There is no other way of getting the objectionable matter on the record. The same rule applies to writs of error brought to review a judgment entered by the court after a trial under the act of 1874. On this writ we can review only questions of law, not of fact. In finding the facts in such cases, the court or judge takes the place of a jury, and we determine the case here as if the facts had been found by a jury. The correctness of the court's rulings during the trial on requests for findings of law, and in sustaining or overruling exceptions filed to its decision cannot be considered and determined unless brought before the court on a proper bill of exceptions. Such would be the practice if the judgment attacked on a writ of error was entered on the verdict of a jury, and the reason supporting the practice obtains with like force when the writ is taken to review a judgment entered under the act of 1874.

In the case at bar the record before us fails to disclose

any exceptions taken or bills sealed by the court at the instance of the appellants. No exception was taken to the order of the court overruling the appellants' exceptions to the decision and in directing judgment to be entered for the appellees. In fact, no exception was taken or bill sealed in the court below to any action of the court throughout the proceedings resulting in the judgment against the appellants. It is therefore manifest that the assignments cannot be considered and that the appeal must be quashed.

Each of the twenty-seven assignments of error is violative of some rule of court and is therefore defective, requiring the appeal to be quashed. Assignments one and five and seven to fifteen inclusive offend rule 29 in embracing more than one point and raising more than one distinct question. Assignments six and eight to fourteen inclusive are bad in alleging error in the court in not finding certain facts when the record discloses no request by appellants for such findings. The opinion of the court is not assignable for error and therefore the sixteenth assignment is bad. The seventeenth and eighteenth assignments are bad because they are meaningless and do not set out the language of the alleged error. The nineteenth assignment is meaningless as there can be no verdict in a case tried under the act of 1874. Of the twelve additional assignments, subsequently filed, one to ten are to the opinion of the court and are therefore bad; and eleven and twelve violate rule 31 in failing to quote the testimony and offers with reference to the pages of the paper-book where the matter could be found.

We express no opinion on the merits of the case. The questions attempted to be raised are of importance to the taxpayers of the rural parts of the state, but they are not properly before us and we cannot review them.

The motion of the appellees is allowed, and the appeal is quashed.