## Heilman, Appellant, *v.* Weylman.

*Appeals—Statutory period—Appeal taken too late—Dismissal—Final decree.*

An appeal taken one day after the expiration of the statutory period of six months will be quashed.

A decree in equity, dismissing bill of complaint at the costs of the plaintiff, is a final decree from which an appeal will lie.

Argued April 15, 1924. Appeal, No. 7, April T., 1923, by plaintiff, from judgment of C. P. Armstrong Co., Sept. T., 1919, No. 70, sitting in equity, dismissing bill in the case of Jessie R. Heilman v. H. H. Weylman. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal quashed.

Bill in equity for an accounting. Before KING, P. J. The opinion of the Superior Court states the case. The court dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*C. E. Harrington,* and with him *H. A. Heilman,* for appellant.

188, (1924).] Opinion of the Court.

*R. L. Ralston,* for appellee.

PER CURIAM, May 5, 1924:

Appellee moved to quash this appeal, as taken one day beyond the statutory period. Appellant then moved (1) to quash the appeal as taken prematurely, asserting that the decree appealed from was not final; (2) that the record be remitted with direction that the court below enter a final decree in accordance with Equity Rule 83.

The decree was as follows: "October 17, 1921, the exceptions, in the above entitled equity case, having been overruled, the nisi decree is now entered as the final decree in the cause, and the plaintiff's bill of complaint is dismissed, at the costs of the plaintiff." In the circumstances, we consider the words "the plaintiff's bill of complaint is dismissed, at the costs of the plaintiff," a final decree; appellant's motion is therefore dismissed.

As appellant conceded the appeal was taken more than six months after the decree was entered, it was too late. Appeal quashed.