Commonwealth, Department of Public Instruction, *v.* Emerson C. Custis Co. et al., Appellants.

Argued December 18, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*John Y. Scott,* for appellant.

*George J. Barco,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

Opinion by Rhodes, J., February 2, 1940:

As the appeal in this case was not taken to this court within three calendar months of the last definitive and final order of the court below, appellee's motion to quash must prevail. By the Act of May 11, 1927, P. L. 972, No. 464, §1, 12 PS §1136, an appeal had to be taken within three calendar months from the entry of the order.

The proceedings involved the revocation of a real estate broker's license, and the appeal to the Court of Common Pleas of Dauphin County, and the appeal therefrom to this court had been purportedly taken pursuant to the provisions of section 10 (d) and 10 (e) of the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended June 26, 1931, P. L. 1410, §6, and July 2, 1937, P. L. 2811, §4, 63 PS §440 (d), (e).

On August 1, 1938, appellants filed in the office of the prothonotary of the Court of Common Pleas of Dauphin County notice of an appeal from an order of the Department of Public Instruction of the Commonwealth of Pennsylvania, dated July 6, 1938, and served upon appellants by registered mail July 14, 1938. The appeal was duly docketed with a number upon the Commonwealth Docket of 1938. On August 9, 1938, appellee filed a motion to quash the appeal. Argument was had on the motion to quash upon the basis of the transcript of the proceedings of the Department of Public Instruction filed of record in the Court of Common Pleas of Dauphin County. After argument the court, by Fox, A. L. J., on April 24, 1939, sustained the motion to quash the appeal, and made the following order: "And now, April 24, 1939, upon due consideration the motion to quash the appeal is hereby sustained and the appeal is quashed at the cost of the appellant." On April 24, 1939, the prothonotary of Dauphin County noted upon the docket: "Motion to quash appeal is sustained and the appeal is quashed at cost of appellants." On May 19, 1939, appellants filed exceptions. Argument was

heard on the exceptions on June 15, 1939. On July 10, 1939, the court below dismissed the exceptions. The court below made no order staying any proceedings pending argument upon the exceptions. On October 9, 1939, more than three calendar months after the order of April 24, 1939, but within three calendar months after the order of July 10, 1939, appellants filed their appeal in said matter from the Court of Common Pleas of Dauphin County to the Supreme Court, which court remitted the appeal to this court.

Appellee has filed its motion to quash upon the grounds that the order of the Court of Common Pleas of Dauphin County, dated April 24, 1939, was a definitive, final, and appealable order, and that neither the filing of exceptions nor argument upon exceptions from that order extended the time for appeal therefrom.

We are of the opinion that the order of April 24, 1939, was a definitive, final, and appealable order, and that the appeal to this court is too late. The order terminated the proceedings. There was no trial in the court below, and therefore there was no need to file any exceptions to its findings. Section 10 (d) of the Real Estate Brokers License Act of 1929, as amended, 63 PS §440 (d), provides in the final paragraph thereof that, when an appeal is taken to the Court of Common Pleas of Dauphin County, "The appeal shall thereupon be heard, in due course, by the judge or judges of the said court of common pleas, without a jury, by whom the proceedings before the department, its findings and rulings shall be given similar weight, force, and effect as are accorded to the findings and report of a referee selected or appointed under the provisions of the act entitled 'An act to provide for the submission of civil cases by agreement of the parties to a referee learned in the law,' approved the fourteenth day of May, one thousand eight hundred and seventy-four, and its supplements." This act does not provide for a trial by a judge,

without a jury, or for hearing de novo. The Act of April 22, 1874, P. L. 109, 12 PS §688 et seq., has no application. "It is not from the findings of fact and conclusions of law originally filed by the judge that an appeal must be taken under [that] act. The preliminary finding of the judge is neither a verdict nor a judgment. It cannot be reviewed on appeal. The act provides that exceptions shall be taken to the findings and conclusions and it is from the court's decision upon these exceptions that an appeal must rest: *McDermott v. Blank*, 230 Pa. 392 [79 A. 657]": *Meitner et al. v. Scarborough*, 321 Pa. 212, at page 214, 184 A. 81, at page 82.

Section 10 (d) of the Real Estate Brokers License Act of 1929, as amended, 63 PS §440 (d), provides that the Court of Common Pleas of Dauphin County in hearing an appeal shall give similar weight, force, and effect to the proceedings before the department, its findings and rulings as are accorded to findings and report of a referee selected or appointed under the provisions of the Act of May 14, 1874, P. L. 166, and the Act of May 4, 1889, P. L. 80, 5 PS §201 et seq. Section 10 (d) also provides in part as follows: "The decision of the department in suspending or revoking any license issued under this act shall be subject to review by the Court of Common Pleas of Dauphin County ...... Such ruling or decision of the department shall be final when in favor of the licensee and in dismissal of the complaint filed, if any. If against the licensee, or in any way to the licensee's injury or prejudice, the licensee may, at any time prior to the date fixed by the department in its said notice as the date it shall become effective, appeal from such decision to the Court of Common Pleas of Dauphin County, by serving upon the department written notice of such appeal. Such service shall be made either by filing the said notice of appeal in the office of the department, or by delivering the

same to the deputy, whether general or special, before whom the hearing in the case was had." Section 10(e) of the act provides in part as follows: "The order or ruling of the department in any such proceeding shall become of full force and effect upon the date fixed by the department in the said notice by it given thereof to the parties thereto, unless notice of appeal therefrom shall, prior to said date, be duly served upon the department, as hereinbefore provided."

In the instant case the court below quashed the appeal upon the basis of the record facts as a matter of law, and held that no appeal had properly been taken to that court. This order of April 24, 1939, was then final and appealable, and the appeal therefrom having been taken too late must be quashed. It is analogous, we think, to *Heilman v. Weylman,* 83 Pa. Superior Ct. 188, where we held that a decree in equity, dismissing a bill of complaint at the costs of the plaintiff, was a final decree. There the appeal taken beyond the statutory period was quashed.

The subsequent action of the court below did not extend the time for appeal from its order of April 24, 1939. The order was based upon the record as it came to the court from the Department of Public Instruction; it was not predicated upon any trial or hearing de novo. Moreover, there was no attempt by the court below to stay the proceedings pending the disposition of the exceptions. It has been held in a number of cases that proceedings subsequent to a final judgment, order, or decree do not extend the statutory period for taking an appeal. See *Henry's Estate,* 290 Pa. 537, 139 A. 193 (proceedings subsequent to decree of orphans' court directing payments in accordance with schedule of distribution); *Bailey's Estate,* 291 Pa. 421, 140 A. 145 (a bill of review to correct an error of law which might have been subject to appeal from the original decree); *Groff v. City Saving Fund & Trust Company of Lan-*

*caster,* 38 Pa. Superior Ct. 567 (exceptions filed to final decree and subsequently quashed by the court) ; *Haller's Case,* 44 Pa. Superior Ct. 481 (petition for rehearing) ; *Real Estate & Mortgage Co. v. Duquesne Light Co.,* 99 Pa. Superior Ct. 222 (petition for reargument of a motion for new trial after entry of judgment) ; *Estate of Rachel C. Finley Core,* 113 Pa. Superior Ct. 388, 174 A. 9 (exceptions and proceedings thereon after final decree) ; *Bobbitt's Estate,* 131 Pa. Superior Ct. 386, 200 A. 279 (petition and rule for rehearing) ; *Rumsey's Case,* 135 Pa. Superior Ct. 515, 7 A. 2d 43 (motion for reargument).

The appeal is quashed, at the cost of appellants.