## Frankel *v.* Reliance Mutual Life Insurance Company of Illinois, Appellant.

Argued June 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*S. Gordon Elkins,* with him *Stradley, Ronon, Stevens & Young,* for appellant.

*William J. Toy,* for appellee.

OPINION BY WOODSIDE, J., September 13, 1962:

This is an appeal by the defendant insurance company from a finding against it in the County Court of Philadelphia. The minor plaintiff is claiming under a master school accident insurance policy issued to the district where he was enrolled. It is admitted that the

child was insured by the defendant against the injuries which he suffered when struck by an automobile on his way to school. The only question is whether the insured should be denied recovery for failure to give to the insurance company the required notice of the injuries and to file with it the proof of loss within the time required by the policy.

The action was brought in assumpsit. A complaint, an answer with new matter, and a reply were filed. When the case came before the court for trial, no testimony was taken, but four undenied paragraphs of the complaint were offered into evidence and admitted along with a "stipulation of facts as a case stated". The stipulation contained an agreement that the "facts be and the same hereby are admitted into evidence . . . as though same had been formally proved at trial . . .", and that "the Court shall determine the rights of the Plaintiff to recover in accordance with the facts hereinafter stated and the applicable legal principles involved." It was also stipulated that the court should "determine the issue of liability only and that if the said issue is favorably decided toward the Plaintiff, the parties will amicably agree to the amount of compensation to which the Plaintiff is entitled."

On August 24, 1961, the court found for the plaintiff, and on November 1, 1961, the parties stipulated "that the amount of the Court's finding" should be $1678.28. No exception was filed to the court's finding for the plaintiff. After the defendant appealed to this Court, a motion was filed by the plaintiff to quash the appeal on the ground that the Act of April 22, 1874, P. L. 109, as amended, authorizing a trial by a judge without a jury, provides in §2, 12 P.S. §689, that exceptions must be filed in the court below and disposed of there before an appeal can be taken. The motion will be granted. *McDermott v. Blank*, 230 Pa. 392, 79 A. 657 (1911); *Meitner v. Scarborough*, 321 Pa. 212,

184 A. 81 (1936); *Evans v. Moffat,* 388 Pa. 559, 131 A. 2d 141 (1957); *G. I. Motors, Inc. v. Broadway Motors, Inc.,* 172 Pa. Superior Ct. 492, 94 A. 2d 201 (1953).

The appellant contends that the action in the court below was in the nature of a case stated and that, therefore, an appeal could be taken to this Court without first taking exceptions to the finding of the court below. For description of a case stated and the law relating thereto see 6 Standard Pennsylvania Practice, pp. 39-55; see also *Bertram v. Petrovsky,* 49 Pa. Superior Ct. 426 (1912). One of the indispensable elements of a case stated is that all parties in interest agree to the entry of judgment by the court upon the facts stated. Ordinarily, the court en banc hears argument on the law to be applied to the agreed facts, which have been stipulated and filed with the prothonotary, and thereafter enters judgment. The judgment thus entered is final, and no exceptions are necessary prior to the taking of an appeal. In this connection we might note that it has been held that in a case stated there is no right of appeal unless the agreement to the case expressly reserves that right. *Commonwealth v. Callahan,* 153 Pa. 625, 25 A. 1000 (1893); *Morgan v. Mercer County,* 8 Pa. Superior Ct. 96 (1898); *Graham v. Schuylkill County,* 16 Pa. Superior Ct. 180 (1901); 6 Standard Pennsylvania Practice, p. 54. In the case before us, no reference to the right of appeal is made in the stipulation.

Although we are dealing with a hybrid proceeding which has some of the characteristics of a case stated, the appeal before us is not from a case stated nor from a judgment on the pleadings, but is from a finding of the court after a trial by a judge without a jury. The court did not enter judgment on the facts. The record shows that "The action of the Court in the above matter is as follows: 8-24-61 (11 A.M.) Court finds for the Plaintiff. KALLICK, J." Even the stipulation as to

the amount due is not an agreement to enter judgment for that amount, but only what "the amount of the Court's *finding* . . . shall be." (Emphasis supplied) There is no direction to the prothonotary to enter judgment, and as far as we can determine from our examination of the original record, the only action of the court was entered as a "finding". Under any circumstances, an examination of the record leaves no doubt that the case proceeded, and was decided, as a trial without a jury and not as a case stated. It is true that under the circumstances of this case no real purpose could be served by the filing of the exceptions required by the Act of 1874, supra (12 P.S. §689), and that in quashing the appeal we are requiring strict compliance with procedural niceties, a requirement which courts are seeking more and more to avoid. If, however, the defendant company feels it is the victim of a technicality not related to the merits of its case, it might contemplate its own efforts to advance a technicality in order to avoid the payment of a claim of an insured covered by its policy. Furthermore, we have given careful consideration to the defendant's position and unanimously agree that the plaintiff should recover.

We shall briefly discuss the merits. The defendant admits that the minor plaintiff was duly insured by its policy issued to the Pennsbury School District. The procedure of the defendant insurance company and the school district was to have the school district give to each of the students a pamphlet and, after the payment of $1.00 by the student, an identification card, both of which were supplied by the insurance company. The list of insured students and the premiums collected from them by the school district were then forwarded to the company.

On May 25, 1956, when crossing the road to await the arrival of the school bus, the minor plaintiff was

injured by a vehicle. He was admitted to the Lower Bucks County Hospital, where he remained a patient until June 14, 1956, when he was discharged into the care of his family. The child suffered a broken back and is still partially paralyzed.

The minor plaintiff, through his father, contacted a lawyer who contacted the authorities at the Fallsington School where the minor was a student and was supplied with a copy of the master policy, the schedule of insured students, and the defendant's form of application for benefits. These were enclosed in a letter, dated October 29, 1956, from the school nurse. The notification of injury was completed and signed by the father of the insured, and on a separate form also signed by the father, the doctor's report of the accident and injuries dated November 1, 1956, was completed by Dr. Frederick Stiepan. The originals of the two reports were mailed shortly after November 1, 1956, to the school nurse at Fallsington School, the person from whom they had been received. The defendant has no record of receiving these reports.

The master policy requires notice to be given the company within twenty days after the commencement of the loss for which benefits may be claimed and the filing of a proof of loss with the company not later than ninety days after the date of such loss.

The pamphlet given by the insurance company to the student contains the following: "In the event of an injury covered by the policy, the school should be notified promptly."

On the application for benefits furnished by the insurer to the school, and by it to an insured upon request, is the following instruction: "Mail This Report To: Your Insurance Representative or Reliance Mutual Life Insurance Company of Illinois; Yoffee and Beitman, Managers, Special Risk Division, 1600 North Second Street, Harrisburg, Penna." The report suggests

mailing to either of two places, but gives the address of only one. "Your Insurance Representative," might reasonably be considered by an insured to refer to the school which collected the premium and with which the child dealt exclusively. An insurance policy will be construed most strongly against the insurer who has prepared it, and will be liberally construed in favor of the insured. *Dzurko v. Pilot Life Insurance Co.*, 195 Pa. Superior Ct. 267, 273, 171 A. 2d 885 (1961).

The defendant contends that notice to the school was not notice to the company. It is well settled in this Commonwealth that an employer or union under a group policy does not act as agent for the insurer. *Hanaieff v. Equitable Life Assur. Soc.*, 371 Pa. 560, 92 A. 2d 202 (1952); *Best v. Equitable Life Assur. Soc.*, 165 Pa. Superior Ct. 452, 68 A. 2d 400 (1949), affirmed on Superior Court decision, 365 Pa. 418, 76 A. 2d 220 (1950); *McFadden v. Equitable Life Assur. Soc.*, 351 Pa. 570, 41 A. 2d 624 (1945); *Ercole v. Metropolitan Life Insurance Co.*, 155 Pa. Superior Ct. 549, 39 A. 2d 293 (1944); *Bahas v. The Equitable Life Assurance Society*, 128 Pa. Superior Ct. 167, 193 A. 344 (1937); affirmed on Superior Court opinion, 331 Pa. 164, 200 A. 91 (1938).

We do not consider these cases to be equally applicable to this group insurance policy issued to a school district to insure young children (in this case a 6 year old). The defendant's pamphlet tells the child to notify the school of injuries, and the defendant's proof-of-loss form advises the claimant that the filing of the form is not limited to the company alone. When small children are led by the insurance company into dealing exclusively with school authorities, the company must accept the school authorities as its agents. Recognizing that strict adherence to the notice requirements contained in an insurance policy is generally demanded by the law of this Commonwealth, we believe that un-

der all the circumstances of this case there was substantial compliance with the notice requirements to the school district, which for this purpose was the agent of the company.

Appeal quashed.