## In re National Wood Preservers

*Dennis M. Coyne,* for Commonwealth.

*James S. Kilpatrick, Jr.,* for Clifford A. Rogers et ux., Appellants.

*Brynn F. Aurelius,* for Shell Oil Co., appellant.

*Stephen T. Bolden,* of *Fell, Spalding, Goff & Rubin,* for National Wood Preservers, appellant.

*Leonard Dubin,* of *Blank, Rome, Klaus & Comisky,* for Philadelphia Chewing Gum, defendant.

*Steven A. Arbittier,* of *Wolf, Block, Schorr & Solis-Cohen,* for Samuel T. Jacoby, proposed additional defendant.

BROUGHTON, Chairman of the Board, January 17, 1974.—This matter is before the Environmental Hearing Board on a petition, filed by Shell Oil Com-

pany (Shell) to join Samuel Jacoby as an additional defendant.

On or about July 12, 1973, the Department of Environmental Resources (department) issued orders to Philadelphia Chewing Gum Company (Chewing Gum), to National Wood Preservers (National Wood) and to Shell.

In these orders to the above entities, which orders were identically worded, the department made, inter alia, a finding that a contaminant consisting of creosote containing pentachlorophenol was present in the ground waters and surface waters in a defined area of Haverford Township, Delaware County.

The department, in said orders, directed each of the above entities to take action, over a period of time, to define and to alleviate the pollution problems created by the presence of said contaminant.

Each of the above entities filed an appeal to this board from the order of the department which each received, and on September 11, 1973, said entities and the department stipulated to a supersedeas to compliance with each said order, pending a determination of the appeals by this board.

On or about September 21, 1973, the department issued an order to Clifford A. Rogers and Virginia M. Rogers, his wife, wherein the department made findings similar to those contained in its earlier orders to Chewing Gum, National Wood and Shell; and wherein the department directed Mr. and Mrs. Rogers to take abatement actions similar in nature to the actions which Chewing Gum, National Wood and Shell were directed to take.

Mr. and Mrs. Rogers filed an appeal to this board from said order. On October 12, 1973, they and the department stipulated to a supersedeas to compliance

therewith, pending a determination of the appeal by this board.[1]

On or about October 5, 1973, Shell filed a petition with this board by which it sought the joinder of Samuel Jacoby as an additional defendant. Samuel Jacoby was served with a true and correct copy of this petition, and we scheduled a hearing for the purpose of determining whether joinder should be granted. This hearing was held on November 9, 1973, before Louis R. Salamon, Esq., a hearing examiner. The department, Chewing Gum, National Wood, Rogers, Shell and Jacoby were represented by counsel at said hearing.

In its petition for joinder of Samuel Jacoby as an additional defendant, Shell contends that there is evidence, which is set forth in the various prehearing memorandums filed with this board by National Wood,[2] that Jacoby, the previous owner of National Wood, discharged or caused the discharge of the contaminants to the waters of the Commonwealth, which discharge gave rise to the issuance of the various orders by the department.

Shell alleges that the testimony of the department's geologist, produced at a deposition, supports this contention as to Jacoby's actions.

Shell avers that the department has the power under and by virtue of The Clean Streams Law of June 22, 1937, P. L. 1987, as amended, 35 PS §691.1, et seq., and, indeed, the duty under said act, to include Jacoby as a party in proceedings designed to cause abatement

---

[1] By our order dated November 1, 1973, the appeals of Chewing Gum, National Wood, Rogers and Shell were consolidated for hearing.

[2] At the hearing on this petition for joinder, Chewing Gum, National Wood and Mr. and Mrs. Rogers joined in Shell's request that Jacoby be joined as an additional defendant.

of the pollution allegedly being caused to the waters of the Commonwealth.

The department did not, however, issue an order to Jacoby to abate any pollution problems which the department found to exist, nor did the department take any other enforcement action against Jacoby.

Shell contends that our authority to join Jacoby as an additional defendant in these proceedings arises by virtue of the provisions of section 21.18(a) of Chapter 21 of Title 25, Rules and Regulations, Department of Environmental Resources, Rules of Practice and Procedure. This section provides as follows:

"§21.18. Pleadings.

"(a) Except as provided otherwise in these Rules of Procedure, the various pleadings described in the Pennsylvania Rules of Civil Procedure shall be the pleadings permitted before this board, and such pleadings shall have the functions defined in the Pennsylvania Rules of Civil Procedure. The form of pleadings, including where applicable the requirement for verification, shall be as specified in The Pennsylvania Rules of Civil Procedure."[3]

Since Rules 2252, et seq., of the Pennsylvania Rules of Civil Procedure provide a mechanism whereby the defendant in an action may join as an additional defendant any person, whether or not a party, who

---

[3] When this petition for joinder was filed and when the hearing on this petition was held, section 21.18, supra, was only a proposed addition to the Rules of Practice and Procedure of this board. This section was adopted by the Environmental Quality Board on December 15, 1973, to be effective on and after December 30, 1973. See 3 Pa. B. 2815, December 15, 1973.

For purposes of this opinion, we will consider section 21.18, supra, to be in effect since, as a practical matter, Shell could now simply withdraw its petition filed in October 1973, and file an identical petition, in which section 21.18, supra, would be offered as the procedural authority for joinder of Jacoby.

may be alone liable to plaintiff or liable over to defendant on plaintiff's cause of action or jointly or severally liable with defendant or liable to defendant on a related cause of action, Shell reasons that under the authority of section 21.18, supra, Jacoby can be brought into these proceedings as an additional defendant.

We find first that under no circumstances can this board adjudicate the responsibility, obligations or liability of Jacoby to Shell, Chewing Gum, National Wood or Mr. and Mrs. Rogers. It is well settled that administrative agencies cannot adjudicate obligations between private parties: National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 84 L. Ed. 799, 60 S. Ct. 569, 576 (1940); Lacy v. East Broad Top Railroad & Coal Co., 168 Pa. Superior Ct. 351, 77 A. 2d 706, 710 (1951).

Since these proceedings brought by the department against Chewing Gum, National Wood, Mr. and Mrs. Rogers and Shell are based upon their responsibility, under The Clean Streams Law, supra, to abate polution problems, it is clear that if Jacoby is to be made a party to these proceedings, his responsibility should also be based upon considerations of The Clean Streams Law, supra.

Nowhere in The Clean Streams Law, supra, or in The Administrative Code of April 9, 1929, P. L. 177, Art. XIX, added December 3, 1970, P. L. 834, 71 PS §510-1, et seq., has the legislature extended to any entity, other than the department, the power to issue abatement and compliance orders to persons or entities alleged to be in violation of The Clean Streams Law, supra.

Therefore, we find that section 21.18, supra, cannot be authority for the joinder of Jacoby, by Chewing Gum, National Wood, Mr. and Mrs. Rogers or

Shell, under the theory that Jacoby is subject to the sanctions, penalties and controls set forth in The Clean Streams Law, supra.

Such a joinder must, we find, be initiated and accomplished by the department. Any other construction of section 21.18, supra, would be contrary to the obvious intent of the legislature, when it vested the power to enforce The Clean Streams Law, supra, in the department.

This principle was recognized by Chewing Gum, National Wood, Rogers and Shell at the hearing on this petition for joinder. They stipulated that the prayer of the petition for joinder of Jacoby would be satisfied if this board ordered the department to issue an order to Jacoby, the contents of which would be the same or similar to the contents of the orders which the department has already issued to Chewing Gum, National Wood, Mr. and Mrs. Rogers and Shell.

The practice and procedure under which this board conducts its hearings is governed by rules and regulations promulgated by the Environmental Quality Board. Section 21.18, supra, is one of those rules and regulations.

We must determine whether under section 21.18, supra, or under any other enactment, we have the authority to order the department to issue an abatement and compliance order to Jacoby.

We must be guided in this determination by the well settled proposition that administrative agencies are not empowered to make regulations which violate or exceed the powers and duties given them by the statute under which they function. The power of an administrative agency to prescribe rules and regulations under a statute is not the power to make law, but only the power to adopt regulations to carry into

effect the will of the legislature as expressed by the statute: Commonwealth v. Harmar Coal Company, 452 Pa. 77, 306 A. 2d 308, 319 (1973); Volunteer Firemen's Relief Assn. of the City of Reading v. Minehart, 425 Pa. 82, 227, A. 2d 632, 635, 636 (1967); Commonwealth v. DiMeglio, 385 Pa. 119, 122 A. 2d 77 (1956); Commonwealth, Department of Public Instruction v. Emerson C. Custis, 47 Dauph. 233 (1939), appeal quashed 139 Pa. Superior Ct. 22, 10 A. 2d 850 (1940).

As we have indicated previously, the entity charged by the legislature with the enforcement of The Clean Streams Law and, with few exceptions, the other pollution control laws of this Commonwealth is the department.

The legislature created this board and set forth our authority in The Administrative Code of April 9, 1929, as amended, supra, section 20, 71 PS §510-21. This section provides as follows:

"§510-21. (Adm. Code §1921-A), Environmental Hearing Board.

"(a) The Environmental Hearing Board shall have the power and its duties shall be to hold hearings and issue adjudications under the provisions of the act of June 4, 1945 (P. L. 1388), known as the 'Administrative Agency Law,' on any order, permit, license or decision of the Department of Environmental Resources.

"(b) The Environmental Hearing Board shall continue to exercise any power to hold hearings and issue adjudications heretofore vested in the several persons, departments, boards and commissions set forth in section 1901-A of this act.

"(c) Anything in any law to the contrary notwithstanding, any action of the Department of Environmental Resources may be taken initially without

regard to the Administrative Agency Law, but no such action of the department adversely affecting any person shall be final as to such person until such person has had the opportunity to appeal such action to the Environmental Hearing Board; provided, however, that any such action shall be final as to any person who has not perfected his appeal in the manner hereinafter specified.

"(d) An appeal taken to the Environmental Hearing Board from a decision of the Department of Environmental Resources shall not act as a supersedeas, but, upon cause shown and where the circumstances require it, the department and/or the board shall have the power to grant a supersedeas.

"(e) Hearings of the Environmental Hearing Board shall be conducted in accordance with rules and regulations adopted by the Environmental Quality Board and such rules and regulations shall include time limits for the taking of appeals, procedures for the taking of appeals, locations at which hearings shall be held and such other rules and regulations as may be determined advisable by the Environmental Quality Board.

"(f) The board may employ, with the concurrence of the Secretary of Environmental Resources, hearing examiners and such other personnel as are necessary in the exercise of its functions.

"(g) The board shall have the power to subpoena witnesses, records and papers and upon certification to it of failure to obey any such subpoena, the Commonwealth Court is empowered after hearing to enter, when proper, an adjudication of contempt and such other order as the circumstances require.

"1929, April 9, P. L. 177, art. XIX-A, §1921-A, added 1970, Dec. 3, P. L. 834, No. 275, §20, effective Jan. 19, 1971."

It is clear that the legislature extended no enforcement function to this board. Our powers are clear. We are to hold hearings and issue adjudications on any order, permit, license or decision of the department.

If section 21.18, supra, can be interpreted to mean that we have the power and authority to require the Department to enforce the Clean Streams Law against Samuel Jacoby or against any other person or entity who has not been made the subject of any enforcement action taken by the department, we would, in effect, have the enforcement power that the legislature clearly did not extend to us.

We do not believe that in promulgating section 21.18, supra, the Environmental Quality Board intended that we have such substantive powers. If, however, such enforcement powers were extended to this board in section 21.18, supra, the Environmental Quality Board has exceeded its authority and/or has extended to this board a power which the legislature has not extended to us.

We would state, finally, that the power and authority to be exercised by administrative agencies must be conferred by clear, unmistakable legislative language. A doubtful power does not exist; Green v. Milk Control Commission, 340 Pa. 1, 16 A. 2d 9 (1940); Elias, et al. v. Environmental Hearing Board, et al. 10 Comm. Ct. 489, A. 2d (1973).

If the department, *in the exercise of its enforcement function*, determines that Samuel Jacoby has violated The Clean Streams Law, supra, or any other environmental pollution control statute or regulation, it is up to the department, and not this board to take appropriate action against him.[4]

---

[4] We do not mean to say by this opinion the public is entirely without a remedy if the department fails to take enforcement action to protect the environment.

## ORDER

And now, to wit, January 17, 1974, the petition for joinder of Samuel Jacoby as an additional defendant in these appeals, consolidated for hearing, is denied.