## East Coast Properties Inc. v. The Hartford Mutual Insurance Company

*Michael P. Dignazio,* for plaintiff.
*James D. Jordan,* for defendant.

McGOVERN, *J.,* March 11, 1986 — Defendant, The Hartford Mutual Insurance Company (hereinafter Hartford), appealed an arbitrator's decision for plaintiff, East Coast Properties Inc. (hereinafter East Coast), and this matter was called for a jury trial. Plaintiff presented a motion in limine seeking to have defendant precluded from introducing evidence or making any argument referring to the issue of salvage value because such is an affirmative defense and defendant failed to plead. The lower court granted plaintiff's motion and the parties, at that point, agreed that the matter could then be submitted to the court for verdict based upon a "case stated" preserving the sole issue involving this court's pretrial ruling for appeal. A verdict was accordingly entered, and defendant's motion for post-verdict relief was denied. Defendant now appeals from the judgment accordingly entered.

This matter was presented as a case stated and rather than reiterate the stipulation of counsel, it is at this point set forth in toto:

"And now, this May 2, 1985, it is hereby agreed by and between the parties to the above suit that the following case be stated for the opinion of the court in the nature of a special verdict.

1. On or about September 18, 1982, a certain 1976 Cadillac automobile, I.D. no. 6D47S6E636186 was owned by plaintiff, East Coast Properties Inc. and insured against theft by defendant Hartford Mutual Insurance Company pursuant to its policy of insurance no. BA207411 pursuant to an endorse-

ment dated June 1, 1982 and policy copies of which are attached hereto as Exhibit "A".

2. On or about September 18, 1982 the aforesaid vehicle was stolen from plaintiff's place of business.

3. The provisions of the aforesaid policy of insurance insured the aforesaid vehicle against theft for an amount equal to the actual cash value of the vehicle.

4. William J. Coopersmith, president and principal officer of plaintiff, avers that on or about September 18, 1982, the vehicle was a light blue Cadillac Coupe DeVille, with white vinyl Brougham top and D'Elegeance DeVille leather interior; was recently repainted; was in very good physical condition with approximately 35,000 miles travelled.

5. William J. Coopersmith, president and principal officer of plaintiff, avers that on or about September 18, 1982, the vehicle had an actual cash value of $4,000.

6. Donald Hildebrand, adjuster assigned to the claim by defendant, the Hartford Mutual Insurance Company, and as its agent avers that he recommended to defendant that a reserve of $4,000 be established on plaintiff's claim.

7. The National Market Reports Inc., Redbook, Region A valuation for a 1976 Coupe DeVille with tailsmen Brougham and D'Elegeance DeVille interior in average condition at the time of the theft was $3,800.

If the court is of the opinion that the actual cash value of the aforesaid vehicle on the date of the theft, September 18, 1982, be $4,000 then judgment be entered in favor of plaintiff and against defendant in the sum of $4,000, but if the court be of the opinion that the vehicle was of a lesser value then judgment be entered in favor of plaintiff for the lesser value. The costs to follow the judgment and

defendant reserves the right to take an appeal to the Superior Court on the pretrial ruling of the court that defendant, Hartford Mutual Insurance Company, by failing to plead salvage as an affirmative defense in new matter is prohibited from admitting any evidence on that issue."

The parties do not dispute that the vehicle was stolen from plaintiff's address in Delaware County, Pa. and recovered in Dade County, Florida.

Defendant, Hartford, contends that plaintiff permitted disposal of the recovered vehicle before defendant had an opportunity to independently inspect and appraise it. This, contends defendant, precludes it from intelligently addressing the issue of salvage value and thereby caused unfair prejudice to defendant Hartford. Plaintiff contended by way of a motion in limine, immediately prior to jury selection, that since the burden of proving actual prejudice is upon the insurance company as an affirmative defense; and, since affirmative defenses are required to be appropriately pleaded by Pennsylvania Rule of Civil Procedure 1030; and since defendant has failed to so plead it should be precluded from introducing evidence relative to that actual prejudice. The specific contention sought to be introduced by defendant and precluded by plaintiff is that because plaintiff neglected to notify the insurance carrier when the former was advised of the stolen vehicle's recovery, the insurance carrier (defendant) suffered "actual prejudice." The court granted plaintiff's motion and following that the parties stipulated to presenting a "case stated" which has hereinabove been specifically set forth. The court entered a verdict in favor of plaintiff, and following the denial of defendant's motions, it now appeals.

The sole issue preserved for appeal is the propriety of this court's ruling granting plaintiff's motion to preclude the introduction of salvage value evidence.

The purpose of submitting the case at bar in this fashion was to avoid the necessity of trying a case before the jury in order to determine facts that had already been agreed by the parties. Thus, the court is in a position to determine the controverted issue of law and the unsuccessful side can preserve its right to appeal. All parties thereby benefit in time and money. Frankel v. Reliance Mutual Life Insurance Company, 199 Pa.Super. 295, 184 A.2d 305 (1962). That was accomplished in the instant case by the document termed "stated case" which has been set forth verbatim above. The parties intent is likewise evidenced in the brief record. Thus is presented a final unappealable record unless a right is specifically reserved. Such has been the law and tradition. Fuller v. Trevoir, 8 Serg. & R 259 (Pa. 1822); Aufrecht v. Smoyer Brass Products, 70 D. & C. 205 (1949). Defendant Hartford has reserved specifically its right to appeal from the court's ruling granting plaintiff's motion to preclude evidence of salvage value. Therefore, although plaintiff's post-trial brief suggests other matters to be considered, this court has limited itself to the specifically reserved issue. It is not disputed that Pa.R.C.P. 1030 required that "all affirmative defenses . . . shall be pleaded in a responsive pleading under the heading 'new matter.' " The pleadings reflect that defendant Hartford has not pleaded in new matter actual prejudice as a result of its failure to be notified by plaintiff insured of the loss of the vehicle's recovery. Defendant insurer has the burden of proving, in the instant litigation, not only that notice requirements of its policy were not complied with by plaintiff in-

sured, but also, because of that failure of notice, defendant insurer suffered prejudice. Breakman v. The Potomac Insurance Company, 472 Pa. 66, 371 A.2d 193 (1977). The only argument presented by defendant Hartford which suggests prejudice is that it was unable to determine the value of the damaged vehicle before its disposal (salvage value). It is not defendant's attack on ultimate evaluation of the vehicle in question (an issue disposed of by agreement of the parties resulting in the verdict entered) but rather that the failure to give notice deprived defendant of an opportunity to appraise the damaged vehicle and therefore was a breach of contract by the insured.

Since the issue is then an affirmative defense, and since defendant has not complied with the Pennsylvania Rules of Procedure, plaintiff's motion to preclude evidence was therefore granted. Breakman v. The Potomac Insurance Company, supra; Pa.R.C.P. 1030. The language of the Pennsylvania Rule of Civil Procedure 1030 is mandatory in nature and an ". . . affirmative defense not properly pleaded is waived." Judge v. Celina Mutual Insurance Company, 303 Pa.Super. 221, 449 A.2d 658 (1982).

Further, it may be noted at this point that nowhere in this record is there any other evidence of prejudice to defendant Hartford nor has defendant Hartford claimed such to exist beyond the opportunity to appraise hereinabove discussed. The only other feasible contention is that failure to give notice is prejudice per se, but a fair review of the opinion would indicate that the Pennsylvania Supreme and Superior Court found that prejudice must be proved before notice can serve as a breach. Breakman v. The Potomac Insurance Company, supra; Judge v. Celina Mutual Insurance Company,

supra. A "per se" rule at this point could simply reverse the appellate decisions and eliminate the common sense of requiring an insurance carrier to show some actual prejudice before avoiding its obligation to pay pursuant to an insurance contract.

Since both parties agree that the proffered evidence was offered only on the issue of that affirmative defense, this court granted plaintiff's motion and denied defendant's post-verdict motions.